22751

The STATE, Respondent v. Irving Daniel JONES, Appellant.

(358 S. E. (2d) 701)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard April 6, 1987.

Decided July 20, 1987.

HARWELL, Justice:

Appellant was convicted of possession of heroin with intent to distribute and sentenced to fifteen years in prison. He contends that he is entitled to a new trial under *Batson v. Kentucky*, 476 U. S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986). We remand for further proceedings in the trial Court on this issue.

Appellant is a member of the Black race. The solicitor used three of his peremptory challenges to strike potential black jurors. Appellant objected on constitutional grounds to the solicitor's use of peremptory challenges to exclude blacks from the jury.

In *Batson*, the United States Supreme Court ruled that a defendant in a state criminal trial may establish a *prima facie* case of racial discrimination.

> To establish such a case, the defendant first must show that he is a member of a cognizable racial group, *Castaneda v. Partida, supra* [430 U. S. 482] at 494, 51 L. Ed. (2d) 498, 97 S. Ct. 1272 [at 1280], and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." *Avery v. Georgia, supra* [345 U. S. 559] at 562, 97 L. Ed. 1244, 73 S. Ct. 891 [at 892]. Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

*Batson*, 476 U. S. at ____, 106 S. Ct. at 1723, 90 L. Ed. (2d) at 87-88. Once this *prima facie* showing is made, the burden shifts to the prosecution to present a neutral explanation for those juror challenges. In *Griffith v. Kentucky*, 479 U. S. ____, 107 S. Ct. 708, 93 L. Ed. (2d) 649 (1987), the Supreme

Court held that *Batson* would apply retroactively to all cases pending on direct review.[1] We therefore consider the issue raised by appellant although his trial took place prior to the Supreme Court's pronouncement in *Batson* of this new rule for the conduct of criminal prosecutions.

In the present case, the trial judge neither held a *Batson* hearing nor made a finding as to whether a *prima facie* showing of purposeful discrimination had been established by the defendant. Further, based on the record before us, we can not determine as a matter of law that a *prima facie* case could not be established. The case, therefore, must be remanded.

Under *Batson*, state trial judges are given the discretion to determine whether the defendant has made out a *prima facie* case of purposeful discrimination. "We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a *prima facie* case of discrimination of black jurors." *Batson*, 476 U. S. at _____, 106 S. Ct. at 1723, 90 L. Ed. (2d) at 88. If the trial judge finds that a *prima facie* showing has not been made, the trial judge has no duty to hold a *Batson* hearing. *See United States v. Dennis*, 804 F. (2d) 1208 (11th Cir. 1986), *cert. denied*, _____ U. S. _____, 107 S. Ct. 1973, 95 L. Ed. (2d) 814 (U. S. 1987).

Rather than deciding on a case by case basis whether the defendant is entitled to a hearing based upon a *prima facie* showing of purposeful discrimination under the vague guidelines set forth by the United States Supreme Court, the better course to follow would be to hold a *Batson* hearing on the defendant's request whenever the defendant is a member of a cognizable racial group and the prosecutor exercises peremptory challenges to remove members of defendant's race from the venire. This bright line test would ensure consistency by removing any doubt about when a *Batson* hearing should be conducted. Further, this procedure would ensure a complete record for appellate review.

In all future jury trials, therefore, we recommend that

---

[1] *Griffith* overrules this Court's holding to the contrary in *State v. Hawkins*, 289 S. C. 482, 347 S. E. (2d) 98 (1986).

■ the trial court hold a *Batson* hearing whenever 1) the defendant requests such a hearing; 2) the defendant is a member of a cognizable racial group; *and* 3) the prosecutor exercises peremptory challenges to remove members of defendant's race from the venire.

Although *Batson* does not mandate a reversal of the conviction in the present case, it does require a hearing to allow appellant the opportunity to make a *prima facie* showing of purposeful discrimination. On remand, the trial judge shall conduct a hearing to determine whether appellant can make the required *prima facie* showing of purposeful discrimination and, if so, whether the solicitor has a neutral explanation for the challenged use of his peremptory strikes. If the trial judge determines that the solicitor has a racially neutral explanation for the peremptory strikes used against blacks, appellant's conviction shall stand.[2] If the trial judge is not satisfied that the solicitor has given a racially neutral reason for these peremptory strikes, appellant shall be granted a new trial.

■ Because the United States Supreme Court has announced no procedural guidelines for raising the *Batson* issue at trial, we set forth the following procedure. In order to raise and preserve a *Batson* issue, the defendant must move for a hearing after the jury is selected but before it is sworn. This hearing is to be held out of the presence of the jury panel and the jury venire. If the trial judge finds that the defendant has established a *prima facie* case of purposeful discrimination and the solicitor has failed to give a racially neutral reason for the contested peremptory strikes, the process of selecting the jury shall start *de novo*.[3]

Appellant's remaining exceptions in this case are without merit and are disposed of pursuant to Supreme Court Rule 23. This case is remanded for further proceedings consistent with this opinion.

---

[2] Of course, appellant would be able to seek review of this decision by appealing the judge's ruling to this Court. S. C. Code Ann. §§ 14-3-330(3) (1976) and 18-9-10 (1985).

[3] In some of the larger counties, it may be possible to call forth a new jury panel from the pool. Elsewhere, the members of the tainted jury and all persons who were struck shall be placed back in the jury venire. The jury selection process shall start anew using this "reconstructed" venire.

Remanded.

NESS, C. J., GREGORY and FINNEY, JJ., and LITTLEJOHN, Acting J., concur.