### 23407

The STATE, Respondent v. Donnie J. WRIGHT, Appellant.

(405 S.E. (2d) 825)

Supreme Court

*Asst. Appellate Defender Robert M. Dudek*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Miller W. Shealy, Jr.*, Columbia, and *Sol. Wade S. Kolb, Jr.*, Sumter, *for respondent.*

Heard Feb. 4, 1991.

Decided May 28, 1991.

CHANDLER, Justice:

Appellant, Donnie Wright (Wright), was convicted *in absentia* of distributing cocaine and sentenced to thirteen years and a $25,000 fine.

We affirm.

## FACTS

Wright was indicted for distributing cocaine. He did not appear when his case was called for trial, but was represented by counsel whose motion for a continuance was denied.

During jury selection, counsel's *Batson*[1] motion was denied on the ground that a *prima facie* case had not been established.

Notwithstanding this denial, the trial judge "out of an abundance of caution," required the State to explain its strikes of two black jurors, Frances Alston and Stanley V. Anderson.

As to Alston, the State's strike was based upon the belief that she was a relative of another Alston in Sumter County with whom the sheriff's department had experienced problems.

As to Anderson, the State based its strike upon his disinterested attitude and demeanor throughout three days of courtroom proceedings. He was contrasted with other jurors who appeared interested and anxious to serve. Finally, the Solicitor concluded that "I don't care *what color* he is, if somebody . . . acts like they don't want to be on the jury, and I have got a strike, I am not going to offer them in any case that is serious enough to be in general sessions court." (Emphasis supplied.)

Thereupon, the Court ruled, as a matter of law, that the stated reason was not racially neutral. Despite this finding, however, the Court concluded that its prior ruling that no *prima facie* case had been established precluded relief. Accordingly, the Court proceeded to have Wright tried *in absentia*.

## ISSUES

1. Did the Court err in denying counsel's motion for a continuance?
2. Did the Court err
   (a) in finding that Wright had not established a *prima facie* showing of discrimination,

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986).

(b) in determining, during a *Batson* hearing, that the State's articulated reason was not racially neutral, and

(c) in proceeding to trial?

## DISCUSSION

### I. CONTINUANCE

At trial, counsel requested a continuance, advising the Court of his recent contact with Wright and his belief that he could be located. The motion was denied, and Wright was tried *in absentia*.

The grant or denial of a motion for continuance is within the sound discretion of the trial judge and will not be disturbed absent an abuse, resulting in prejudice to the defendant. *State v. Babb*, 299 S.C. 451, 385 S.E. (2d) 827 (1989).

Here, the record clearly reveals that Wright was aware of the term of Court, and knew he would be tried *in absentia* if he failed to appear. There was no abuse of discretion.

### II. BATSON ISSUE

#### *(a) Prima Facie Showing*

*Batson* prohibits the exercise of peremptory challenges in a racially discriminatory manner. In *State v. Jones*, 293 S.C. 54, 358 S.E. (2d) 701 (1987), we held that, in determining whether a defendant has established purposeful discrimination, "the better course [for trial judges] to follow would be to hold a *Batson* hearing on the defendant's request whenever the defendant is a member of a cognizable racial group and the prosecutor exercises peremptory challenges to remove members of defendant's race from the venire." 293 S.C. at 57, 358 S.E. (2d) at 703.

The three conditions in *Jones* are present here: (1) Wright made the request; (2) he is black; (3) two black jury members were removed by the Solicitor. Our recommendation in *Jones* was not followed by the Trial Court, which failed to conduct a *Batson* hearing prior to determining the existence, or not, of a *prima facie* case.

However, in no event did the Court's ruling result in prejudice to Wright, as it was effectually cured by the Trial Judge's subsequent decision to conduct the *Batson* hearing.

### (b) Racially Neutral Explanation

At the *Batson* hearing, the Trial Judge ruled that the Solicitor's reason for striking Juror Anderson was not racially neutral. The strike was equated with that in *State v. Tomlin*[2] in which a juror "was struck because he 'shucked and jived.' " This was error.

In *Tomlin*, we reversed as violative of *Batson*, the exercise of a strike based upon the racial stereotype of "shucking and jiving." We noted, however, that "demeanor has been upheld by many jurisdictions as a legitimate reason." 299 S.C. at 299, 384 S.E. (2d) at 710. *See, also, Lockett v. State*, 517 So. (2d) 1346 (Miss. 1987).

Here, the strike of Juror Anderson was clearly based upon his demeanor and apparent disinterest in the courtroom proceedings. The Solicitor stated that, in observing him for *three* days, Anderson "just simply acted like he didn't want to be here and has maintained this attitude throughout this plea." She further commented that she would have stricken Anderson regardless of color, and that she "would do it again rather than put somebody on a jury that [she] thought didn't want to be . . . in court to listen to a case."

Nothing in the record supports the Trial Court's ruling that the Solicitor's stated reason was racially discriminatory. As was stated by the Fifth Circuit in *United States v. Forbes*, 816 F. (2d) 1006 (5th Cir. 1987):

> He [the prosecutor] sensed by her posture and demeanor that she [the juror] was hostile to being in court and feared that she might respond negatively to the prosecution simply because the government was responsible for calling her to jury duty.

816 F. (2d) at 1010.

As in *Forbes*, we find no *Batson* violation.

### (c) Proceeding to Trial

Wright contends that the Trial Judge, upon finding that the State's reason for striking Juror Anderson was not racially neutral, should have commenced jury selection *de novo*. In the ordinary circumstance, Wright is correct.

---

[2] *State v. Tomlin*, 299 S. C. 294, 299, 384 S. E. (2d) 707, 710 (1989).

Here, however, no prejudice resulted to Wright from the Court's erroneous ruling, in that the State's reason *was* racially neutral. Under *Batson*, the crucial determination is whether the prosecution's explanation for striking members of a cognizable racial group are in fact, racially neutral. In this instance, they were. Realistically, Wright has received what *Batson* is intended to provide a minority defendant and the Court, despite earlier erroneous rulings, correctly proceeded to trial.

Affirmed.

GREGORY, C.J., and HARWELL and TOAL, JJ., concur.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice (concurring in part, dissenting in part):

I concur in the majority's affirmance of the trial judge's denial of appellant's motion for continuance and in its conclusion that the trial judge did not follow the recommendation enunciated by this Court in *State v. Jones*, 293 S.C. 54, 358 S.E. (2d) 701 (1987).

First, I respectfully dissent from so much of the majority's opinion as concludes that the trial court erred in ruling that the solicitor's stated reason for striking Juror Stanley V. Anderson was racially discriminatory. Second, I dissent on the basis of my view that a ruling prior to the hearing pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986), would not preclude the trial court from proceeding under a subsequent antithetical finding on the same issue formed as a result of holding a *Batson* hearing. Third, I would dissent from the majority's implicit finding that merely conducting a cursory *Batson* hearing without affording the relief indicated extends to minority defendants the protection intended in *Batson*.

During jury selection, the trial judge denied appellant's motion for a *Batson* hearing on the ground that a prima facie case had not been established. Subsequent to its ruling, "as a precautionary measure," the judge required the state to ex-

plain its strikes of black prospective jurors Frances Alston and Stanley V. Anderson. Upon hearing the state's explanations, the court found that the solicitor's articulated reason for striking Juror Anderson was not racially neutral. Despite such finding, the trial court determined that its prior ruling that no prima facie case had been established acted as a bar to relief.

As I read the majority's opinion, it's holding turns upon their interpretation of the solicitor's articulated reason that Juror Anderson was excluded because of the juror's demeanor. The trial judge was similarly situated as the solicitor to observe the juror's demeanor during the three-day period referred to by the solicitor. The trial judge presided over the jury selection process and, based upon his observations in relation to the solicitor's perception and articulated reason, determined that the exclusion of the juror was racially discriminatory.

In *Batson,* the United States Supreme Court held that the prosecution must articulate a racially neutral explanation related to the particular case to be tried. The trial court will then have a duty to determine if the accused has established purposeful discrimination. The trial court's determination in the context under consideration turns on an evaluation of credibility. Therefore, a reviewing court should ordinarily give such findings great deference. *Batson v. Kentucky,* 106 S. Ct. at 1724. *See also Anderson v. Bessemer City,* 470 U.S. 564, 105 S. Ct. 1504, 84 L. Ed. (2d) 518 (1985).

I would hold that once the trial judge found that the state's articulated reason for striking Juror Anderson was not racially neutral, the jury selection process should have commenced de novo. I am of the opinion that this record more than adequately reflects that the appellant's trial was rendered fundamentally unfair and that he is entitled to a new trial. *State v. Butler,* — S.C. —, 397 S.E. (2d) 87 (1990), *cert. denied,* — U.S. —, 111 S. Ct. 442, 112 L. Ed. (2d) 425 (1990). I would reverse.