**Larry Dale TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–01094–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 20, 1992.

**213**

Thomas W. McQuage, Galveston, for appellant.

Michael J. Guarino, Dist. Atty., B. Warren Goodson, Asst. Dist. Atty., for appellee.

Before MIRABAL, O'CONNOR and PRICE,* JJ.

### ORDER

PER CURIAM.

After a jury found appellant, Larry Dale Taylor, guilty of aggravated sexual assault, the court assessed his punishment at 40–years imprisonment.

At the conclusion of the voir dire and prior to the jury being seated and sworn, appellant's counsel gave the court notice of his intention to present a *Batson*[1] motion. The State promptly requested the entire panel of venire members, including those struck by the State, remain together until appellant presented his *Batson* motion. Appellant's counsel did not agree it was necessary for the entire panel to remain together. He contended only the 12 unsworn members of the jury needed to be held together for the *Batson* hearing, and suggested to the court that it refrain from swearing in the jurors until after the hearing. The court agreed. The names of the jurors were then called, and they were seated, but not sworn. Because it was late Friday afternoon, the trial court scheduled the *Batson* hearing for the following Monday morning. The remainder of the venire was then discharged.

On Monday, as instructed, only the 12 unsworn members of the jury returned. Appellant's counsel asked that the record reflect that the State had exercised peremptory challenges against two Hispanic males, a black female, and a black male; that appellant was a white male; and that the State's striking practice "excluded the only two Hispanics on the jury."

The State argued the *Batson* motion was not timely because the court had released the remainder of the venire. The prosecutor requested, and the court granted him five minutes to go get the case to support his argument. When the prosecutor returned he cited *Henry v. State,* 729 S.W.2d 732 (Tex.Crim.App.1987) to the court. Appellant's counsel responded that, although he did not have it with him, he thought there was case law later than *Henry* supporting the proposition that the challenge did not have to be made before the balance of the venire panel was discharged, as long as it was made before the selected veniremembers were sworn in as jurors. The court, obviously referring to the *Henry* case ruled, "All right. It seems to be the law that's in front of me.... I deny your motion." The court did not discuss whether appellant had made a prima facie case of discrimination.

In his first point of error, appellant asserts the trial court erred in refusing to

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

sustain appellant's objection to the State's use of peremptory challenges to exclude minority race venire members without conducting an evidentiary hearing to determine whether the peremptory strikes were racially motivated.

It is clear from the judge's comments that he denied appellant's *Batson* motion, as a matter of law, on the basis of the *Henry* decision, because the balance of the venire was dismissed before appellant made his *Batson* motion.

The Texas Code of Criminal Procedure instructs the trial courts to grant a defendant's motion to dismiss the array and call a new array if it is made before the jury is sworn, if the court determines that the defendant is a member of an identifiable racial group, that the prosecutor exercised peremptory challenges for the purpose of excluding persons from the jury on the basis of their race, and that the defendant has offered evidence of relevant facts that tend to show that challenges made by the attorney representing the State were made for reasons based on race. TEX.CODE CRIM. P.ANN. art. 35.261(a) (Vernon 1989). The Court of Criminal Appeals decision in *Henry*, holding that a *Batson* motion was untimely if not made before the jury was sworn and the venire discharged was made without reference to article 35.261.[2] The *Henry* decision contemplated that if the trial court found the State had discriminatorily used its peremptory strikes, the court could remedy the situation by discharging the jury panel and selecting a new jury from a new panel *or* reinstating the stricken minority jurors. *Henry*, 729 S.W.2d at 734. The Court of Criminal Appeals, after reviewing the legislative history of article 35.261, has recently held that in enacting the statute, the legislature elected the call of a new array to be the sole remedy for discrimination in jury selection. *Hill v. State*, 827 S.W.2d 860, 863 (Tex.Crim.App. 1992). The Court of Criminal Appeals went on to hold, therefore, that objections to the State's peremptory strikes need not be lodged before the venire is discharged because the venire will not be needed

whether or not the objection is sustained. *Id.* at 864. The court thus concluded that *Henry* is inapplicable to the timeliness of any equal protection claim arising from the racially discriminatory exercise of a peremptory challenge after the effective date of article 35.261. *Id.* at 864.

Article 35.261 became effective August 31, 1987. Appellant's claim of racially discriminatory exercise of peremptory challenges was made on March 12, 1990.

■ The State argues, however, that article 35.261 does not apply to appellant because the record shows appellant is white, but does not show that he meets the provision of the statute that the defendant be a member of an identifiable racial group. We believe the holding of *State v. Oliver*, 808 S.W.2d 492, 496 (Tex.Crim.App. 1991), that article 35.261 can be invoked by a defendant challenging strikes of prospective jurors of racial groups different from his own, renders the "member of an identifiable racial group" language of the statute mere surplusage. As the Court of Criminal Appeals noted in *Oliver*, "every defendant is going to be a member of some identifiable racial group or groups." *Id.* at 495. We thus hold that the court's failure to determine that appellant was a member of an identifiable racial group does not bar him from seeking his statutory right to a jury selected free of racial bias.

We sustain appellant's first point of error and remand the case to the trial court for hearing on appellant's *Batson* motion in light of the *Hill* opinion, which the court did not have the benefit of at the time it made its ruling. We order the hearing to be held within 30 days of the date of this order and the trial court's findings submitted to this Court within 10 days thereafter. We abate the remainder of appellant's appeal pending the conclusion of the trial court's proceedings on remand.

---

**2.** The *Henry* opinion was issued April 8, 1987, and article 35.261 became effective August 31, 1987.