STATE of Wisconsin, Plaintiff-Respondent,

v.

Dennis JONES, Defendant-Appellant.†

Court of Appeals

*No. 97–1002–CR. Submitted on briefs March 3, 1998.—Decided April 14, 1998.*

(Also reported in 581 N.W.2d 561.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael S. Holzman* of *Rosen and Holzman, Ltd.* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, by *Sharon Ruhly*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J.   Dennis Jones appeals from a judgment entered after a jury convicted him of one count of armed robbery, party to a crime, contrary to §§ 943.32(1)(b) & (2) and 939.05, STATS. Relying on the decision of the United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79 (1986),[1] Jones claims he was denied his constitutional right to equal protection of law[2] when the State exercised three peremptory challenges to strike minority jurors from the panel. Because Jones failed to timely object to the State's striking of the minority jurors, he has waived his right to raise this issue, and we affirm.

---

[1] The Supreme Court held that a defendant's right to an impartial jury is violated when a venireperson of the same race as the defendant is excluded from the jury for that reason. *See Batson v. Kentucky*, 476 U.S. 79, 86 (1986). The *Batson* rule now applies to peremptory challenges of members of the jury panel though they are of a different race than the defendant. *See Powers v. Ohio*, 499 U.S. 400, 402 (1991).

[2] The Fourteenth Amendment to the United States Constitution provides, in part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

## I. BACKGROUND

Jones, an African-American, was charged with robbing, while armed, two victims, Judith and Paul Kovacik, who are both Caucasian. A jury trial was scheduled for March 4, 1996. The parties and the court conducted voir dire of prospective jurors. After completing the questioning of the prospective jury panel, the State peremptorily struck a Hispanic juror and two African-American jurors. After each side had exercised all of its peremptory strikes, the trial court asked whether the fourteen remaining jurors were the jurors the parties had selected for the case. Jones, through his counsel, answered affirmatively. The jury was sworn and the remaining members of the venire were excused.

Jones's counsel then objected to the peremptory challenges made by the State of the three minority jurors. Counsel argued that the three strikes were racially motivated in violation of *Batson* and, therefore, a new jury panel should be selected. The trial court disagreed. The case proceeded to trial. The jury convicted. Jones now appeals.

## II. DISCUSSION

The State argues that Jones's *Batson* objection, made *after the jury was sworn*, came too late. Jones responds that his objection was timely. We conclude that the defendant must make a *Batson* objection prior to the time the jury is sworn. If the objection is not made until after that time, the issue is waived.

Although the *Batson* Court declined to delineate the exact process for trial courts to follow on this matter, it did stress that the aggrieved party must make a

timely objection to preserve the issue for appeal. *See Batson*, 476 U.S. at 99–100. A defendant's objection is timely if it is made after the composition of the jury is made known, but before the jury is sworn. We are persuaded that this is the proper rule for several reasons.

First, this procedure will promote the efficient and economic administration of justice. It will allow the trial court to promptly address the issue and make any necessary decisions without great disruption to the process of impaneling a jury. When no objection is made until after the jury is sworn, the possibility for an immediate remedy for unconstitutional action has been lost. Second, the early objection assists the defendant, opposing counsel and the trial court by making an objection while the parties' and the trial court's recollections of the voir dire questioning are still fresh. This will help the trial courts and parties achieve the fairest and most appropriate result. Third, our holding creates a "bright-line" test that is easy to follow.

Finally, our decision is in accord with the majority of courts that have addressed this issue. Most courts have held that a *Batson* challenge is timely if it is raised prior to the swearing of the jury or the dismissal of the venire. *See, e.g., McCrory v. Henderson*, 82 F.3d 1243, 1244 (2d Cir. 1996); *United States v. Romero-Reyna*, 867 F.2d 834, 837 (5th Cir. 1989); *Government of Virgin Islands v. Forte*, 806 F.2d 73, 75–76 (3d Cir. 1986); *United States v. Erwin*, 793 F.2d 656, 666–67 (5th Cir. 1986); *Ross v. State*, 581 So. 2d 495, 496 (Ala. 1991); *State v. Harris*, 754 P.2d 1139, 1140 (Ariz. 1988); *Pacee v. State*, 816 S.W.2d 856, 859 (Ark. 1991); *People v. Thompson,* 785 P.2d 857, 883 n.19 (Cal. 1990); *State v. Robinson*, 676 A.2d 384, 387–90 (Conn. 1996); *Tursio v. United States*, 634 A.2d 1205, 1209–10 (D.C. Ct. App. 1993); *State v. Castillo*, 486 So. 2d 565, 565 (Fla. 1986);

*State v. Sparks*, 355 S.E.2d 658, 659 (Ga. 1987); *State v. Hansen*, 904 P.2d 945, 948 (Idaho Ct. App. 1995); *People v. Evans*, 530 N.E.2d 1360, 1364 (Ill. 1988); *Simmons v. Commonwealth*, 746 S.W.2d 393, 397–98 (Ky. 1988); *Stanley v. State*, 542 A.2d 1267, 1276 (Md. 1988); *Thomas v. State*, 517 So. 2d 1285, 1287–88 (Miss. 1987); *State v. Parker*, 836 S.W.2d 930, 935–36 (Mo. 1992); *State v. Gilmore*, 511 A.2d 1150, 1164 (N.J. 1986); *State v. Wilson*, 868 P.2d 656, 661 (N.M. Ct. App. 1993); *People v. Harris*, 542 N.Y.S.2d 411, 411 (N.Y. Sup. Ct. 1989); *State v. Jones*, 358 S.E.2d 701, 704 (S.C. 1987), *overruled on other grounds by State v. Chapman*, 454 S.E.2d 317 (1995); *State v. Peck*, 719 S.W.2d 553, 555 (Tenn. Crim. App. 1986); *Taylor v. State*, 825 S.W.2d 212, 214 (Tex. Ct. App. 1992) (by statute).

Further, Wisconsin case law demonstrates an emphasis on requiring a defendant to timely object in order to preserve a claim. *See State v. Waites*, 158 Wis. 2d 376, 392–95, 462 N.W.2d 206, 212–14 (1990) (lack of timely objection caused issue of discrimination in use of peremptory strikes to be lost on appeal); *see generally Brown v. State*, 58 Wis. 2d 158, 164, 205 N.W.2d 566, 570 (1973) (right to object to systematic exclusion of cognizable group from array waived by failure to object before jury impaneled). The rule we establish today is consistent with the goals served by requiring a timely objection. A timely objection allows the trial court and the prosecutor to reconsider and perhaps change their course of conduct while still possible. If the defendant is successful, he or she avoids prejudicial error. Even if convicted, his or her timely objection delineates the points that may be appealed and avoids unnecessary reversals because of errors that could have been remedied at trial. *See United States v. Somers*, 496 F.2d 723, 742 (3d Cir. 1974).

Because we have concluded that the proper timing of a *Batson* objection is before the jury is sworn, we need not address the merits of Jones's claim. Only after a defendant makes a timely objection at trial will the wheels of the *Batson* test go into motion. Jones failed to timely object. Accordingly, he waived his right to raise this issue on appeal.[3]

*By the Court.*—Judgment affirmed.

---

[3] We also note that even if Jones had made a timely objection, it would have been difficult, if not impossible, for us to review the merits of his claim because he failed to ensure that voir dire was recorded. The record documenting the questions and answers posed during jury selection is essential to any meaningful review on this issue.