594 S.E.2d 168

**The STATE, Respondent,**

v.

**Anthony A. HEYWARD, Appellant.**

**No. 3752.**

Court of Appeals of South Carolina.

Heard Jan. 13, 2004.

Decided March 8, 2004.

---

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.

HOWARD, J.:

Anthony A. Heyward was convicted for kidnapping, criminal sexual conduct in the first degree ("CSC"), and carjacking. Subsequently, the circuit court sentenced him to life imprisonment without parole for kidnapping, life imprisonment without parole for CSC, and fifteen years imprisonment for carjacking, the sentences to run concurrently. Heyward appeals, arguing the circuit court erred by failing to start the jury selection process de novo, where the circuit court found a juror to have been struck in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

A grand jury indicted Heyward for kidnapping, CSC, and carjacking. During jury selection, the State moved for a *Batson* hearing, arguing Heyward's strikes were exercised in a gender-based, discriminatory manner. The circuit court agreed. However, rather than strike the entire jury and begin the jury selection process de novo, the circuit court seated the juror.

Following the trial, the jury found Heyward guilty of kidnapping, CSC, and carjacking, and the circuit court sentenced him to life imprisonment without parole for kidnapping, life imprisonment without parole for CSC, and fifteen years imprisonment for carjacking, the sentences to run concurrently.

On appeal, Heyward's appellate counsel reviewed the record, concluded the appeal lacked merit, and filed a petition to be relieved. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991), this court reviewed the

record and brief, denied counsel's request, and ordered the following issue to be briefed:

Did the trial court err in seating a juror, whom it found to have been struck in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), rather than ordering the process of selecting the jury to start de novo as set forth in *State v. Jones*, 293 S.C. 54, 58, 358 S.E.2d 701, 704 (1987), *abrogated on other grounds by State v. Chapman*, 317 S.C. 302, 454 S.E.2d 317 (1995)?

(S.C. Ct.App. Order dated June 11, 2003).

## LAW/ANALYSIS

■ Heyward argues the circuit court committed reversible error by failing to strike the jury and start the jury selection process de novo, where the circuit court found a juror to have been struck in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We disagree.

■ "The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the striking of a venireperson on the basis of race." *State v. Haigler*, 334 S.C. 623, 628, 515 S.E.2d 88, 90 (1999); *see Batson v. Kentucky*, 476 U.S. 79, 85, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (holding the Fourteenth Amendment to the United States Constitution prohibits a state prosecutor from exercising peremptory challenges to strike potential jurors solely on the basis of race); *see also Georgia v. McCollum*, 505 U.S. 42, 50–55, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992) (holding a prosecutor may challenge a defendant's use of peremptory strikes); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 129, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) (holding the Fourteenth Amendment to the United States Constitution is violated if the State strikes a juror on the basis of gender).

■ Our supreme court has set forth a "bright line test" for determining if a juror has been struck in violation of *Batson*. *See State v. Jones*, 293 S.C. 54, 57–58, 358 S.E.2d 701, 703–04 (1987), *abrogated by, State v. Chapman*, 317 S.C. 302, 306, 454 S.E.2d 317, 320 (1995)). Furthermore, if the circuit court finds a juror has been struck in violation of *Batson*, our supreme court has mandated that the circuit court strike the entire jury and begin the jury selection process de novo. *Id.*

at 58, 358 S.E.2d at 704. This mandate seeks to: 1) protect the defendant's right to a fair trial; 2) protect each venireperson's right not to be excluded from jury service for discriminatory reasons; and 3) preserve public confidence in the fairness of our system of justice by seeking to eradicate discrimination in the jury selection process. *Haigler*, 334 S.C. at 628–29, 515 S.E.2d at 90.

In this case, forty-one qualified jurors were randomly drawn from the jury pool, and their names were placed on a consecutively numbered list. The remaining jurors in the pool were then excused from the courtroom. Beginning with the first name on the list, the circuit court called out each juror in order, giving first the State and then the defendant the right to strike the juror. The jurors did not know who was struck by either side.

Following jury selection, both parties made a *Batson* challenge. All of Heyward's strikes removed female jurors, and the State asserted his strikes were exercised in a gender-based, discriminatory fashion. Ultimately, the circuit court concluded Heyward's reason for striking the sixteenth juror on the list was pretextual, finding it to be a gender-based discriminatory strike. However, rather than striking the entire jury, the circuit court seated the juror.

Having seated the sixteenth juror on the list as juror number nine ("juror number nine'), the circuit court moved the last juror of the twelve-person jury to the first alternate juror's position, removing the last alternate juror completely.[1] The court then revisited each of the three remaining jurors selected in the initial process in their original order, noting that Heyward had the option of striking another juror because the court had denied his strike of juror number nine. Heyward declined to strike any of the three remaining jurors included on the original panel.

■ Initially, we agree the circuit court erred by seating the juror in violation of *Jones*.[2] However, this does not end

---

1. No alternates were needed in the trial.

2. We note that in *Jones,* the solicitor's juror strikes were the subject of challenge. *Jones* 293 S.C. at 57, 358 S.E.2d at 703. In pertinent part, the court stated that when "the solicitor has failed to give a racially

our inquiry. Rather, we must determine whether a harmless error analysis is appropriate, and if so, whether the error in this case was harmless.

In *State v. Franklin*, 318 S.C. 47, 456 S.E.2d 357 (1995), the circuit court quashed a jury, finding the defendant struck a juror in a discriminatory manner. Subsequently, upon starting the jury selection process de novo, the defendant attempted to strike the same juror again, and the circuit court seated the juror. *Id.* at 51, 456 S.E.2d at 359. Our supreme court affirmed, holding " 'a party's right to use peremptory challenges can be subordinated to a venireperson's constitutional right not to be improperly removed from jury service.' " *Id.* at 52, 456 S.E.2d at 359–360 (quoting *Jefferson v. State*, 595 So.2d 38, 41 (Fla.1992)).[3]

Subsequently, in *State v. Short*, 333 S.C. 473, 511 S.E.2d 358 (1999), our supreme court, analyzing a *Batson* challenge, ruled, "no showing of actual prejudice is required to find reversible error *for the denial or impairment of the right to a*

---

neutral reason for the contested peremptory strikes, the process of selecting the jury shall start *de novo.*" *Id.* Thus, *Jones* did not deal with the situation in this case, in which the party who improperly strikes a juror demands a *de novo* jury selection as a result of his/her own impropriety. However, absent further guidance from our supreme court, we conclude *Jones* is controlling on the issue.

3. We recognize the facts in *Franklin* are dissimilar in that the seating of the juror over defense objection occurred during the *de novo* selection mandated by *Jones*. In that regard, the Court's ruling was limited by those facts. *See Franklin*, 318 S.C. at 53, 456 S.E.2d at 360 ("We hold *once a new venire has been selected in compliance with Jones*, supra, 'that it is within the trial judge's discretion to fashion the appropriate remedy under the particular facts of each case and, as long as neither party's constitutional rights are infringed, that remedy may include the seating of an improperly challenged juror.' " (emphasis added) (quoting *Jefferson*, 595 So.2d at 41). We also note the Court took pains not to undermine the requirement of *Jones*. *Id.* ("Our decision today does not impact *Jones*."). However, the Court did recognize that *Jones* was not intended to cover all situations. *Id.* ("*Jones* did not consider the case where a party attempts repeatedly to strike a prospective juror in violation of *Batson*. We do not accept the argument that *Jones* mandates ... the trial judge in all instances to 'give the offending party exactly what he wanted, namely,' a jury panel which unconstitutionally excludes a particular juror.") (quoting *People v. Moten*, 159 Misc.2d 269, 603 N.Y.S.2d 940, 947 (N.Y.Sup.1993)).

*peremptory challenge." Short,* 333 S.C. at 477, 511 S.E.2d at 360. (emphasis added).

As we interpret *Franklin,* seating a juror who has once been improperly struck by a party in violation of *Batson* is not, in and of itself, an impairment or denial of that party's right to peremptory challenges. Consequently, under the circumstance of this case, a harmless error analysis is appropriate and does not offend *State v. Short.*

■ Viewing the facts of this case, in light of the above, we conclude no prejudice resulted from the failure to select a jury de novo, as Heyward's right to exercise peremptory strikes was not impaired, and the selection process provided Heyward with the same choices he enjoyed in the first instance, with the exception of the unconstitutional strike of juror number nine. Thus, under the limited circumstances of this case, we hold the error was harmless. *State v. Wright,* 304 S.C. 529, 534, 405 S.E.2d 825, 828 (1991) (ruling there is no prejudice to defendant where he received what *Batson* was intended to provide); *see also Franklin,* 318 S.C. at 52, 456 S.E.2d at 360.

## CONCLUSION

For the foregoing reasons, Heyward's conviction is **AFFIRMED.**

HEARN, C.J., and KITTREDGE, J., concur.