THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
The State, Respondent,
v.
Calvin Dean Philbeck, Appellant.
 
 
 

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2006-UP-223
Submitted April 1, 2006  Filed April 19, 2006   

AFFIRMED

 
 
 
Daniel J. Farnsworth, of Greenville, Jeffrey Falkner Wilkes, of Greenville, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott
Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Appellant, Calvin Dean Philbeck, pled guilty to trafficking in cocaine, second offense, and receiving stolen goods valued at over $1,000.  The trial judge sentenced Philbeck to fifteen years on the trafficking charge and two years, suspended, on the receiving stolen goods charge.  Philbeck appeals, asserting (1) his plea was not knowingly and intelligently entered and (2) the States references during the plea hearing to crimes for which he had not been charged or convicted violated his right to due process.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:  ISSUE 1: State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) (holding failure to object at trial to the involuntary or unknowing nature of a guilty plea precludes consideration of the issue on appeal, especially where a defendant is represented by counsel;  absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more appropriate channel of post-conviction relief); ISSUE 2:  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (holding, in order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge;  issues not raised and ruled upon in the trial court will not be considered on appeal.); State v. Southerland, 316 S.C. 377, 383, 447 S.E.2d 862, 866 (1994), overruled on other grounds by State v. Chapman, 317 S.C. 302, 454 S.E.2d 317 (1995) (holding, where appellant failed to object when State presented evidence of other crimes, appellant waived his right to raise the issue on appeal); State v. Torrence, 305 S.C. 45, 71, 406 S.E.2d 315, 328 (1991) (holding a contemporaneous objection is necessary to properly preserve errors for direct appellate review); State v. Garner, 304 S.C. 220, 222, 403 S.E.2d 631, 632 (1991) (holding, where no objection to sentencing was raised at trial, sentencing issue was not properly preserved for appeal).
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.