STATE of Wisconsin, Plaintiff-Respondent,

v.

Josh F. FLOWERS, Defendant-Appellant.†

Court of Appeals

*No. 97–3682–CR. Submitted on briefs April 1, 1998.—Decided July 15, 1998.*

(Also reported in 586 N.W.2d 175.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Josh F. Flowers*, pro se.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Scot T. Mortier*, assistant district attorney of Fond du Lac County.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney

21

general, and *David J. Becker,* assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J. Wisconsin case law has now forcefully and repeatedly determined that either proof of a prior felony conviction or a criminal defendant's admission of the prior conviction is essential if the State seeks additional punishment under § 939.62, STATS., the repeater statute. If a criminal defendant is sentenced as a repeater without either an admission or proof of a prior felony conviction within the statutory time limitation, the repeater portion of the sentence may not be imposed.

In the present case, the trial court sentenced Josh F. Flowers as a habitual criminal to the maximum term of three years in prison for retail theft. In his fourth postconviction motion, Flowers now claims, for the first time, that the repeater portion of the sentence is void as a matter of law because the State failed to prove the habitual criminality charge prior to sentencing. The State responds that § 974.06(4), STATS., and the supreme court's public policy statements contained in *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (1994), preclude Flowers from raising this issue because he did not raise it in his earlier postconviction motions. We disagree with the State. We conclude that § 973.13, STATS., commands courts to declare as void all sentences in excess of that authorized by law. We determine that a repeater portion of a sentence comes within the purview of § 973.13. We further determine that neither the procedural bar in § 974.06(4) nor the public policy discussion contained in *Escalona-Naranjo* precludes criminal defendants

from seeking relief from faulty repeater sentences under § 973.13. Thus, we reach the merits. We conclude that the State provided sufficient proof of a prior felony conviction within five years of the present offense, as required by § 939.62(2), STATS. We ultimately affirm.

In August 1994, Flowers and a companion were arrested for stealing batteries, painkillers and toothbrushes from a food store. The State charged Flowers with two counts of retail theft, party to a crime, as a repeat offender contrary to §§ 943.50(1m), 939.05 and 939.62, STATS. Attached to the criminal complaint was a certified judgment of conviction showing that Flowers had an August 1988 felony conviction for possession of a firearm by a felon. Furthermore, the certified judgment stated that the court sentenced Flowers to four years in prison for this offense. Pursuant to a plea agreement, Flowers pled guilty to one count of retail theft, party to a crime, as a repeat offender. In return, the State moved to dismiss the second count and recommended two years' probation. However, at no point during the plea colloquy did Flowers admit to the prior felony conviction, nor did the State enter any evidence beyond the certified judgment of conviction to prove the prior felony conviction. Also, the plea questionnaire form signed by Flowers was silent on the charge of habitual criminality. The Honorable John Mickiewicz accepted Flowers' plea, withheld sentencing and placed Flowers on probation.

Flowers' probation agent subsequently initiated revocation proceedings and Flowers voluntarily waived his right to a hearing on the revocation issue. Flowers' probation was revoked in January 1995 and he returned to court for sentencing. Judge Mickiewicz first noted that a revocation summary report had been

prepared by a parole agent and was present in the case file. That summary stated in pertinent part: "In 1988 [Flowers] was sentenced to four years [in prison] for felon in possession of a firearm and a consecutive three year [prison] term for retail theft as a habitual criminal. He was again paroled on 02/21/92 . . . ." Also, to prove the repeater charge, the State directed the court's attention to the certified judgment of conviction attached to the criminal complaint. Flowers was never asked about, and he never admitted to, the prior 1988 felony conviction, nor did the court or the prosecutor question him as to the length of time he spent in prison following the 1988 conviction. The trial court sentenced Flowers to an indeterminate term not to exceed three years—the maximum term permitted under the statutes as a repeat offender.[1]

Flowers, pro se, subsequently filed three successive postconviction motions under § 974.06, STATS. In each motion Flowers made essentially the same allegation that his waiver of a revocation hearing was not knowingly and voluntarily made. Although nothing in the record indicates that a court decided Flowers' second motion, the trial court denied his first and third motions for relief and we assume that the second motion was denied by the court as well.

In October 1997, Flowers, again pro se, filed another motion for postconviction relief under § 974.06, STATS. Unlike his previous motions, however, this motion alleged that because a six-year time span existed between the August 1988 felony conviction and his 1994 offense, the State failed to prove the repeater

---

[1] Under § 943.50(4)(a), STATS., the maximum term for retail theft is nine months. See § 939.51(3)(a), STATS. Because Flowers was charged as a repeater, the maximum term increased to not more than three years. See § 939.62(1)(a), STATS.

charge. Therefore, there was no basis in law for the trial court to sentence him as a repeater under § 939.62, STATS. Flowers asked the court to reduce his sentence "to 9 months in jail, the maximum penalty for Retail Theft."

Although the State argued that § 974.06(4), STATS., barred Flowers' motion, the Honorable Dale L. English, in a written opinion, declined to apply § 974.06(4) and addressed the merits of Flowers' motion. Judge English concluded that although Flowers never admitted to the charged repeater offense, the State had met its burden of proving a prior felony conviction within five years of Flowers' 1994 offense. Judge English first noted that § 973.12(1), STATS., allowed the State to prove a prior conviction and confinement by the use of an official report of a state agency. Judge English then observed that the record before the sentencing court contained both a certified judgment of conviction proving Flowers had been convicted of a felony in August 1988, and a revocation summary report giving a specific date of Flowers' subsequent release from confinement. Both documents, the judge concluded, were official reports of a state agency within the meaning of § 973.12(1). Because the documents together showed that the five-year period tolled while Flowers was confined from August 1988 to February 1992, the previous felony conviction was within five years of Flowers' 1994 offense. Based on its conclusion that the State proved Flowers' repeater status, the judge denied the motion. Flowers appeals.[2]

---

[2] Both the district attorney and Flowers, pro se, have submitted a brief to this court. Although this case was originally a one-judge appeal, we ordered that this case be made a three-judge appeal pursuant to § 809.41(3), STATS. At that point, the state public defender undertook representation of Flowers and

As we stated earlier, this is Flowers' fourth § 974.06, STATS., postconviction motion. Unlike his previous three motions, however, Flowers alleged that the enhanced portion of his sentence is void as a matter of law and should be commuted to the maximum term permitted under the statutes—nine months. Although Flowers did not explicitly name the statute upon which he relied, we construe his motion as having asked the trial court to grant him relief under § 973.13, STATS. He argued before the trial court, and argues again here, that the State failed to offer any proof of criminal habituality prior to sentencing to justify the repeater enhancement portion of his sentence. And because it is undisputed that he did not admit to a prior felony conviction within five years of the 1994 offense, he asserts that the State failed to meet its burden under § 973.12(1), STATS., to prove the repeat offender charge. Flowers therefore contends that the sentence is void as a matter of law.

■

The State's position before the trial court, and raised again before us, is that Flowers is procedurally barred from bringing a successive postconviction motion under § 974.06, STATS., because he has not advanced any compelling reason why the issue was not raised in his earlier postconviction motions. *See* § 974.06(4).[3] The State also draws our attention to

submitted supplemental briefs. The attorney general likewise submitted a supplemental brief.

[3] Section 974.06(4), STATS., provides:

All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding

*Escalona-Naranjo* for the proposition that public policy precludes a defendant from bringing successive post-conviction motions unless a compelling reason can be shown why the issue was not raised earlier. Whether § 974.06(4) and *Escalona-Naranjo* preclude Flowers' motion for relief under § 973.13, STATS., is a question of law which we review de novo. *See State v. Tolefree,* 209 Wis. 2d 421, 424, 563 N.W.2d 175, 176 (Ct. App. 1997).

In *Escalona-Naranjo,* the supreme court foreclosed a defendant from raising a new issue—failure to object to inadmissible evidence—in a § 974.06, STATS., motion in order to relitigate an ineffective assistance of counsel claim. *See Escalona-Naranjo,* 185 Wis. 2d at 184, 517 N.W.2d at 163. The defendant had twice raised ineffective assistance of counsel claims in previous § 974.02, STATS., motions. *See Escalona-Naranjo,* 185 Wis. 2d at 184, 517 N.W.2d at 163. The court held that the defendant could have raised the issue in the earlier § 974.02 motions and had not alleged any compelling reason as to why a court should now entertain the claim; therefore, he was barred by virtue of § 974.06(4) from raising the issue. *See Escalona-Naranjo,* 185 Wis. 2d at 173, 517 N.W.2d at 159. The court then concluded that § 974.06 could not be used to review issues that were or could have been litigated on direct appeal.

The supreme court's decision was driven by its conviction that the primary purpose of § 974.06(4), STATS., is to promote finality in the litigation of a criminal case. *See Escalona-Naranjo,* 185 Wis. 2d at 185, 517 N.W.2d at 163–64. "Successive [or frivolous] motions and

the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." *Id.* at 185, 517 N.W.2d at 164. The court related that § 974.06(4) was designed to prevent a defendant, upon conviction, from strategically waiting until memories are stale and witnesses and records unavailable to raise jurisdictional or constitutional issues. *See Escalona-Naranjo,* 185 Wis. 2d at 185–86, 517 N.W.2d at 164.

The State posits that the same finality considerations which led to the court's decision in *Escalona-Naranjo* preclude Flowers' motion for § 973.13, STATS., relief. We are not persuaded. It is the State which alleged Flowers' repeater status and which sought an enhanced penalty based on that status. "The state must carry the burden to make good the charge in the essential particulars." *State v. Meyer,* 258 Wis. 326, 337, 46 N.W.2d 341, 346 (1951). As such, absent an admission by the defendant, the enhanced sentence is applicable *only if* the State proves the prior felony conviction. *See* § 973.12(1), STATS. "[T]he prior conviction is *an essential element of proof* to be satisfied at sentencing *if the State is to secure the additional punishment it seeks." State v. Goldstein,* 182 Wis. 2d 251, 260, 513 N.W.2d 631, 635 (Ct. App. 1994) (first emphasis added). If the State does not meet the proof requirements of § 973.12(1), the trial court is *without authority* to sentence the defendant as a repeat offender. *See State v. Zimmerman,* 185 Wis. 2d 549, 558–59, 518 N.W.2d 303, 306 (Ct. App. 1994). We conclude that if a defendant is sentenced under a penalty enhancer and the State has either failed to prove the prior conviction or gain the defendant's admission to such facts, then § 973.13 becomes applicable. It reads:

28

*In any case* where the court imposes a maximum penalty in excess of that authorized by law, such excess *shall be void* and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings.

Section 973.13, STATS. (emphasis added).

Thus, given the significant liberty interests at stake and the demand that enhanced penalties be based upon prior convictions which actually exist, *all* sentences imposed in excess of their maximum term are void. And the legislature's decision to use the universal quantifier "any" in the opening clause "in any case" forcefully states that there are no exceptions to this rule. To adopt the State's argument would promote finality, but at the expense of justice. It would raise the specter of a defendant being incarcerated for a term (possibly years) in excess of that prescribed by law simply because he or she failed to raise the issue earlier. Such a result is in direct conflict with the explicit language of § 973.13. The State is without authority to incarcerate individuals for a term longer than the maximum term authorized by law. Therefore, we conclude that the express statutory mandate in § 973.13 to alleviate all maximum penalties imposed in excess of that prescribed by law applies to faulty repeater sentences and is not "trumped" by a procedural rule of exclusion.

Furthermore, we are not persuaded by the State's argument that our holding will run contrary to the purpose behind § 974.06(4), STATS., and *Escalona-Naranjo*. Claims for § 973.13, STATS., relief, unlike a claim of ineffective assistance of counsel, for example, are reviewed by simply examining the record as it appeared before the sentencing court—the deteriorat-

ing effect of time on memory and evidence is simply not a concern in these cases. Because a prisoner has nothing to gain by delaying a claim for § 973.13 relief, we seriously doubt the need for any rule to discourage prisoners from "strategically waiting" years to ask for relief from a sentence imposed in excess of the maximum term authorized.

Importantly, our decision represents only a narrow exception to *Escalona-Naranjo* and is only applicable when a defendant alleges that the State has neither proven nor gained the admission of the defendant about a prior felony conviction necessary to sustain the repeater allegation. With the advent of several appellate decisions underscoring the need for district attorneys to prove up prior convictions or obtain an express admission of the convictions rather than relying upon a defendant's guilty plea and our observation that prosecutors' offices are now facilitating that mandate, meritorious § 974.06, STATS., motions brought to correct penalty enhancer problems will hopefully be few and far between. In fact, this case offers a good illustration. Here, the district attorney attached a certified judgment of a past conviction to the complaint and also to the information. We applaud this practice.

The State draws our attention to another case from this court, *Tolefree*, and argues that our decision in that case is controlling on the issue of whether *Escalona-Naranjo* prohibits a defendant from litigating a repeater enhancement in a successive § 974.06, STATS., motion. *See Tolefree*, 209 Wis. 2d at 424–25, 563 N.W.2d at 176–77. Unlike Flowers, however, the defendant in *Tolefree* did *not* ask for what could be termed as § 973.13, STATS., relief, nor did he invoke this as a remedy. Thus, we did not have the opportunity to address

the issue of whether § 974.06(4) procedurally barred a defendant from bringing a successive postconviction motion asking for relief under § 973.13. Our analysis in *Tolefree* is therefore limited to the facts of the case then before us; it is inapposite to the case at bar.

Having disposed of the State's procedural argument, we now turn to the issue of whether the State complied with § 973.12(1), STATS., by providing adequate proof of Flowers' status as a repeat offender. Review of the trial court's use of the penalty enhancer requires the application of §§ 939.62 and 973.12, STATS., to an undisputed set of facts. The issue is therefore a question of law which we review de novo. *See Zimmerman,* 185 Wis. 2d at 554, 518 N.W.2d at 304. "The issue is whether the penalty enhancer imposed was void as a matter of law, not whether the lower court misused its discretion." *Id.* at 554, 518 N.W.2d at 305.

■

The repeater statute, § 939.62(2), STATS., requires the prior conviction to fall within "the 5-year period immediately preceding the commission of the crime for which [the defendant] presently is being sentenced." Under § 973.12(1), STATS., a defendant is subject to an enhanced penalty only if he or she admits to the prior conviction or it is proven by the State. As we have already stated, the record is clear that Flowers never admitted to a prior conviction. Absent a proper admission, the State is charged with proving not only the prior conviction but also that the conviction falls within the five-year window of § 939.62. *See* § 973.12(1); *Goldstein,* 182 Wis. 2d at 260, 513 N.W.2d at 635.

■

Here, the complaint and information alleged that Flowers was a repeat offender. To support this allega-

tion, the State attached to the complaint and information a certified judgment of conviction showing a conviction date of August 29, 1988, for possession of a firearm by a felon. An official report of a government agency is prima facie evidence of any conviction or sentence reported therein. *See* § 973.12(1), STATS. Flowers appears to argue that a certified judgment of conviction is not prima facie evidence of a prior conviction. We cannot agree. A certified judgment of conviction is the best evidence we can conceive of to show a trial court the existence of a prior felony conviction.

But while a judgment of conviction is, in our view, the best evidence of a prior conviction, in this case there remains a problem. The conviction date for the prior felony is August 29, 1988. The date of the instant offense was August 30, 1994. Thus, the time span between these events—approximately six years—obviously exceeds the five-year limit set out in § 939.62(2), STATS.

The statute, however, excludes from the five-year period "time . . . spent in actual confinement serving a criminal sentence." Section 939.62(2), STATS. The certified judgment of conviction does indicate that Flowers received an indeterminate term of not more than four years in prison for the 1988 felony conviction.[4] The

---

[4] To follow up on our earlier salute to the district attorney for attaching a copy of a certified judgment of conviction to the complaint and information, we suggest that if the prior conviction is outside the five-year window, but the defendant has been incarcerated for such period of time as to toll the statute in a significant manner, a document to that effect, attached to the information, would also prove most helpful to the trial court. It might also facilitate a direct admission by the defendant during the plea hearing concerning the cogent facts relating to the prior conviction.

district attorney sought to resolve this problem by submitting a "revocation summary" before that court at sentencing. The State submits that this summary is prima facie evidence of Flowers' "confinement under sentence for a period of time sufficient to bring the earlier conviction within five years of the present offense . . . ."

We agree. The revocation summary reads in pertinent part: "In 1988 [Flowers] was sentenced to four years [in prison] for felon in possession of a firearm and a consecutive three year [prison] term for retail theft as a habitual criminal. He was again paroled on 02/21/92 . . . ." Thus, the revocation summary tells the reader that Flowers spent from 1988 to a date certain in 1992 in prison. Under § 939.62(2), STATS., this information would show that a four-year period of incarceration tolled the statute to the extent that Flowers' prior felony conviction falls within the five-year window.

Flowers contends that the revocation summary is not an official report of a government agency, is not prima facie evidence of his incarceration from 1988 to 1992, and, therefore, does not prove that his prior felony conviction falls within the five-year window. We reject this argument.

In *State v. Farr*, 119 Wis. 2d 651, 350 N.W.2d 640 (1984), the supreme court set out what must be included in a probation department report so as to render it prima facie evidence of a prior felony conviction for the purposes of § 973.12(1), STATS. The court stated that to be an official report under § 973.12(1), it must contain critically relevant information regarding the issue of repeater status. Specifically, it must contain the date of conviction of the prior offense. *See Farr*, 119 Wis. 2d at 658, 350 N.W.2d at 644–45. In *State v. Caldwell*, 154 Wis. 2d 683, 693–94, 454 N.W.2d 13, 18

(Ct. App. 1990), we applied *Farr* and held that the State properly proved the defendant's repeater status by virtue of a presentence investigation report listing the date of the prior felony conviction.

Applying the principles enunciated in *Farr* to the case at bar, we conclude that the revocation summary is prima facie evidence of Flowers' incarceration from 1988 to 1992. The revocation summary is clearly the report of the probation department—a state agency. Similar to a presentence investigation report, the revocation summary was prepared for the court by a probation/parole officer—an agent of the state—for use in sentencing following Flowers' revocation. Moreover, the revocation summary contains a detailed recital of Flowers' past history in the criminal justice system—information particularly relevant to the issue of Flowers' repeater status. The report specifically states that Flowers was sentenced to four years in prison following the 1988 felony conviction. More importantly, similar to the report in *Caldwell,* it gives an exact date regarding the point at issue—Flowers' subsequent parole from prison—February 21, 1992. Given the specificity of the report, we conclude that the revocation summary meets the requirements of *Farr*; therefore, it is prima facie evidence for the purposes of § 973.12(1), STATS., that Flowers was incarcerated from 1988 to February 21, 1992.

Flowers argues that the revocation summary cannot be considered as containing the "critically relevant facts" demanded by *Farr* because the report is ambiguous regarding his incarceration dates. Flowers contends that the passage in the revocation summary that he was "again paroled" in 1992 suggests that he may have been released on parole at a prior time between 1988 and 1992. Flowers' argument is unper-

suasive. The revocation summary recites Flowers' criminal history and it indicates that prior to his 1992 parole, he had also been placed on parole in 1985. Thus, when the report is read in its entirety, it is obvious that the phrase "again paroled" relates back to Flowers having been placed on parole in 1985. There is no ambiguity.

We conclude that although Flowers' successive § 974.06, STATS., motion challenging the repeater sentence as being void survives the application of *Escalona-Naranjo*, the State nonetheless proved that Flowers was convicted of a crime within five years of the instant conviction when it placed both the certified judgment of conviction and the revocation summary before the sentencing court.

*By the Court.*—Order affirmed.