STATE of Wisconsin, Plaintiff-Respondent,

v.

James O. EDWARDS, Defendant-Appellant.†

Court of Appeals

*No. 01–0612–CR. Submitted on briefs September 12, 2001.—
Decided February 7, 2002.*

2002 WI App 66

(Also reported in 642 N.W.2d 537.)

---

† Petition to review denied 4-22-02.

---

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Glenn L. Cushing*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Jeffrey J. Kassel*, assistant attorney general.

Before Dykman, Roggensack and Lundsten, JJ.

¶ 1. DYKMAN, J. James Edwards appeals from a judgment of conviction for false imprisonment, disorderly conduct and battery, and from an order denying his postconviction motion to reduce his sentence. Edwards was charged and sentenced as a repeater under WIS. STAT. § 939.62 (1997–98).[1] He contends that the

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

State failed to meet the requirements under WIS. STAT. § 973.12(1) to prove that he was a repeater because the State proved his prior conviction with an uncertified copy of a judgment of conviction and a faxed document from the Department of Corrections (DOC) indicating the periods of Edwards's confinement. Because Edwards failed to object to the admissibility of the two documents at trial and because the documents are sufficient on their face to prove that Edwards had a prior felony conviction, we conclude that Edwards waived the right to object to their admissibility on appeal. We therefore affirm.

## Background

¶ 2. On February 9, 1999, the State charged Edwards with one count of false imprisonment, two counts of battery and two counts of disorderly conduct. The State alleged in the complaint that each charge was subject to a habitual criminality enhancement under WIS. STAT. § 939.62, because Edwards had been convicted of the felony of issuing worthless checks on May 30, 1991. Further, the complaint alleged that each count occurred in either March or April 1998 and that Edwards had been incarcerated from June 5, 1991, to July 25, 1995. A jury found Edwards guilty of one count each of false imprisonment, disorderly conduct and battery.

¶ 3. At the sentencing hearing, the State offered a copy of a judgment of conviction in Dane County Circuit Court case No. 90–CF-954. The copy showed that Edwards was convicted of two counts of forgery on May 30, 1991. In addition, the State offered a five-page document from "Debbie" at DOC, which indicated that Edwards had been confined from June 5, 1991 to July 25, 1995, when he was transferred to the Division of Intensive Sanctions. The circuit court stated that "if

[the DOC document] is admissible," then four years and one month should be subtracted from the seven years and two months that had elapsed since the May 1991 conviction and the March 1998 crimes, resulting in a period of three years and one month in which Edwards was not confined. When Edwards did not object to the admission of either document, the circuit court admitted the State's exhibits into evidence and concluded that Edwards was a habitual offender under Wis. Stat. § 939.62. The court sentenced Edwards to prison for four years for false imprisonment, eighteen months for battery and six months for disorderly conduct. Each sentence was imposed consecutively to the others. The circuit court denied Edwards's motion for postconviction relief under Wis. Stat. §§ 809.30 and 974.02, and Edwards appeals.

## Opinion

¶ 4. Wisconsin Stat. § 939.62(2) provides that a defendant is a repeater if he or she "was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which the actor presently is being sentenced." Time spent in actual confinement is excluded in computing the five-year period. *Id.* Under Wis. Stat. § 973.12(1) a defendant may be sentenced as a repeater under § 939.62 "[i]f the prior convictions are admitted by the defendant or proved by the state." An "official report" of a Wisconsin agency is prima facie evidence of the prior conviction. Wis. Stat. § 973.12(1).

¶ 5. Edwards never admitted a prior conviction, but the State offered a faxed uncertified copy of a judgment of conviction as well as a document faxed from DOC indicating the dates Edwards had been

incarcerated to prove that Edwards had been previously convicted of a felony and that the prior conviction fell within the preceding five-year period. Edwards contends that both the copy of the judgment of conviction and the DOC document are insufficient because: (1) the copy of the judgment of conviction was not certified; and (2) the DOC document was not an "official report" within the meaning of Wis. Stat. § 973.12(1). In response, the State argues that Edwards waived any objection to the admission of the copied judgment of conviction and the DOC document because he failed to object at sentencing. The State further argues that the evidence it submitted was sufficient to prove that Edwards was a repeater.

¶ 6. Edwards concedes that he failed to object to the State's evidence of his prior conviction at the sentencing hearing, but he asserts that the "issue presented is not subject to waiver." For support, Edwards relies on *State v. Flowers*, 221 Wis. 2d 20, 586 N.W.2d 175 (Ct. App. 1998).

¶ 7. In *Flowers*, the defendant pleaded guilty to one count of retail theft as a repeater. *Id.* at 23. In his fourth postconviction motion, Flowers argued that there was no basis in law for his sentence enhancement because the State had failed to prove he was a repeater. *Id.* at 24. The State argued that Wis. Stat. § 974.06 and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), barred Flowers from bringing another postconviction motion unless he had a sufficient reason for failing to raise the sentencing issue before. *Flowers*, 221 Wis. 2d at 26–27.[2] We disagreed, concluding that

---

[2] *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), held that Wis. Stat. § 974.06(4) bars defendants from bringing claims under § 974.06 if they could have raised

*Escalona-Naranjo* did not apply to motions brought under WIS. STAT. § 973.13[3] because that statute provides that sentences imposed in excess of that authorized by law are void "in any case," and therefore, could not be barred by *Escalona. See Flowers*, 221 Wis. 2d at 28–29.

¶ 8. Although we agree with Edwards that *Flowers* holds that motions properly brought under WIS. STAT. § 973.13 cannot be barred by *Escalona-Naranjo*, we disagree that *Flowers* applies here. The issue in the case before us is not whether Edwards is barred by *Escalona-Naranjo* from bringing a motion under WIS. STAT. § 973.13. Rather, the issue is whether § 973.13 and *Flowers* insulate Edwards from the requirement that objections to the admissibility of evidence must be made when the evidence is proffered or be waived. We conclude that they do not.

¶ 9. Wisconsin case law has repeatedly held that parties waive any objection to the admissibility of evidence when they fail to do so before the circuit court. *See State v. Mayer*, 220 Wis. 2d 419, 430, 583 N.W.2d 430 (Ct. App. 1998); *State v. Seeley*, 212 Wis. 2d 75, 567 N.W.2d 897 (Ct. App. 1997). There is an exception to the waiver rule for plain error. *See* WIS. STAT. § 901.03(4). Edwards does not assert that the admission of the evidence of his prior conviction was plain error.

---

them in a previous postconviction motion or on direct appeal—unless they have a sufficient reason for failing to do so. *Id.* at 181, 184.

[3] WISCONSIN STAT. § 973.13 provides: "In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings."

¶ 10.　WISCONSIN STAT. § 973.13 does not bar application of the waiver doctrine. Admittedly, the statute uses the broad phrase, "[i]n any case," but this is only in any case "in excess of that authorized by law." Both statutory and case law recognize that parties waive their right to object to the admissibility of evidence on appeal when they fail to do so before the circuit court. Therefore, a sentence imposed based on evidence to which the defendant has not objected and that, on its face, satisfies the requirements of WIS. STAT. § 973.12 is not imposed in excess of that authorized by law.

¶ 11.　We decline to conclude that *Flowers* holds otherwise. As noted above, *Flowers* addressed only the applicability of *Escalona-Naranjo* to WIS. STAT. § 973.13 motions and did not address waiver in the context of evidentiary rulings.[4] Were we to interpret *Flowers* as precluding application of waiver in this context, we would in essence be concluding that a defendant could *never* waive any argument so long as he or she was proceeding under § 973.13. But it could not have been the intent of the legislature to create special rules of

---

[4] We recognize that the facts in *State v. Flowers*, 221 Wis. 2d 20, 586 N.W.2d 175 (Ct. App. 1998), are similar to the present case in that the merits of both cases involve determining whether a particular document is sufficient to prove that a defendant is a repeater. In *Flowers*, the document was a revocation summary. *See* 221 Wis. 2d at 32–33. But *Flowers* did not consider whether the defendant in that case had waived his right to object to the admissibility of the revocation summary; it determined only the applicability of *Escalona-Naranjo*. Further, the State in *Flowers* did not argue in its brief that Flowers had waived his objection to the admissibility of the revocation summary. *See generally Brief for the State of Wisconsin, State v. Flowers* (No. 97–3682–CR). We generally do not address issues not raised by the parties. *Waushara County v. Graf*, 166 Wis. 2d 442, 451, 480 N.W.2d 16 (1992).

evidence applicable only to § 973.13 motions. Had the legislature intended such a dramatic departure from existing law, it would have so indicated. Nor is such an interpretation required by *Flowers*, which we emphasized was meant to be a "narrow exception" to the waiver rule, not a mechanism by which defendants bringing § 973.13 motions could circumvent requirements applicable in all other contexts. *See* 221 Wis. 2d at 30.

¶ 12. Notably, in *Flowers*, we also observed that applying the waiver rule was not needed "[b]ecause a prisoner has nothing to gain by delaying a claim for [WIS. STAT.] § 973.13 relief." 221 Wis. 2d at 30. A defendant would, however, have much to gain by "strategically waiting" to object to the evidence offered by the State to prove a prior conviction. If a defendant objects to evidence, and the circuit court agrees that the evidence is inadmissible, the State has an opportunity to present evidence that *is* admissible. But if a defendant waits to object until after the case is appealed, the State is deprived of any ability to present admissible evidence, giving the defendant a strong incentive to remain silent during sentencing. We therefore reject Edwards's contention that *Flowers* is applicable in determining whether a party has waived an objection regarding the admissibility of evidence at a sentencing hearing. If Edwards believed the evidence was inadmissible, he was required to object when the evidence was admitted.

¶ 13. We also recognize, however, that there is a significant liberty interest at risk with respect to repeater sentence enhancements and that it is important that enhanced penalties be based on prior convictions that actually exist. *See State v. Goldstein*, 182 Wis. 2d

251, 256 n.2, 513 N.W.2d 631 (Ct. App. 1994). We therefore limit our holding that objections to the admissibility of evidence proving a prior conviction can be waived to instances where the State submits a document that, on its face, is sufficient to prove that the defendant was a repeater. In this way, we both safeguard the interest in accuracy and diminish the incentive for a defendant to withhold objections to inadmissible evidence. This is also consistent with *Flowers'* statement that "proof of a prior felony conviction or a criminal defendant's admission of the prior conviction is essential if the State seeks additional punishment under § 939.62, STATS." 221 Wis. 2d at 22. A faxed uncertified copy of a judgment of conviction and a faxed document from DOC providing the dates the defendant was incarcerated passes the sufficient-on-its-face test. Edwards therefore waived his right to object to the admission of these documents on appeal.

¶ 14. Because we have concluded that Edwards waived an objection to the admissibility of the judgment of conviction and the faxed DOC document, we do not reach the issue whether those documents would in fact be admissible to prove a prior conviction under WIS. STAT. § 973.12(1).

*By the Court.*—Judgment and order affirmed.