STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas A. MIKULANCE, Defendant-Appellant.

Court of Appeals

*Nos. 2005AP1120, 2005AP1121. Submitted on briefs February 2, 2006.—Decided March 15, 2006.*

2006 WI App 69

(Also reported in 713 N.W.2d 160.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Thomas A. Mikulance*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Maura FJ Whelan*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. ANDERSON, J. In this appeal from orders dismissing his most recent postconviction motion, Thomas A. Mikulance wrongly attempts to use WIS. STAT.

§ 973.13 (2003–04)[1] as a vehicle to make an end-run around the procedural bar to successive postconviction motions articulated in WIS. STAT. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Section 973.13, as it pertains to sentencing a repeat offender, applies only where the defendant files a motion alleging that the State has failed to prove the prior conviction necessary to sustain the habitual criminal status (by proof or by admission) or when the penalty imposed is longer than permitted by law for a repeater. Mikulance, however, advances neither of the above arguments and therefore § 973.13 and its attendant exception to the procedural bar do not apply. Mikulance instead raises constitutional questions concerning the circuit court's procedure in accepting his no contest pleas that could have been raised in his previous postconviction motion. Section 974.06 and *Escalona-Naranjo* prohibit his present claim for relief.

## BACKGROUND

¶ 2. The relevant facts are brief and undisputed. On October 8, 1996, Mikulance entered pleas of no contest to one count of false imprisonment, one count of battery as a habitual criminal, one count of disorderly conduct as a habitual criminal, and one count of unlawful use of the telephone as a habitual criminal. The sentencing hearing took place on December 4, 1996. On February 19, 2002, Mikulance filed a motion to modify his sentence. At the hearing on the motion, Mikulance raised several issues including his plea to the charge of disorderly conduct. The court denied Mikulance's motion to modify his sentence, finding that it was not timely filed.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 3. Mikulance filed a notice of appeal from the court's order on April 15, 2002. Then, on September 25, 2002, Mikulance filed a postconviction motion pursuant to WIS. STAT. § 974.06. The circuit court held a hearing on the motion on October 24, 2002. The court concluded that it lacked jurisdiction to hear the motion because of the pending appeal. In March 2003, Mikulance voluntarily dismissed his appeal from the court's order denying his motion to modify his sentence.

¶ 4. Subsequently, Mikulance filed a new postconviction motion pursuant to WIS. STAT. § 974.06. He challenged his conviction and sentence on several grounds. He argued, among other things, that he was denied the effective assistance of counsel, that newly-discovered evidence existed, that the State breached the plea agreement, that the State offered testimony known to be perjured and that the State violated his due process rights at his plea hearing when the court failed to record a plea to the charge of disorderly conduct as a habitual criminal.

¶ 5. Following briefing and a hearing, the court denied the motion. Mikulance appealed and we summarily affirmed the court's denial of the motion. In our December 2004 summary order, we wrote, "Mikulance raises almost countless points; he breaks his brief down into fourteen issues, some with multiple subpoints," and reminded Mikulance that we are not a performing bear, required to dance to each and every tune played on an appeal.

¶ 6. In February 2005, Mikulance filed another postconviction motion pursuant to WIS. STAT. § 974.06 and WIS. STAT. § 973.13. He argued that "[t]he State and trial court failed to inform [him] of the maximum penalties for the underlying Battery, Disorderly Conduct and Unlawful use of a telephone [charges] and how the penalty enhancer would affect the maximum sen-

tences." The circuit court dismissed the motion. This appeal follows.

## ANALYSIS

¶ 7. On appeal, Mikulance raises the same argument that he did before the circuit court in his most recent postconviction motion. In addition to his argument on the merits, he asserts that his claim falls under WIS. STAT. § 973.13 and therefore is not subject to the WIS. STAT. § 974.06(4) and *Escalona-Naranjo* procedural bar. Because we conclude that § 974.06(4) and *Escalona-Naranjo* preclude his present claim for relief, we need not reach the merits of his claim.

■

¶ 8. The construction and application of a statute are questions of law we review de novo. *Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶ 7, 273 Wis. 2d 612, 682 N.W.2d 365. Whether WIS. STAT. § 974.06(4) and *Escalona-Naranjo* preclude Mikulance's motion for relief is also a question of law we review de novo. *See State v. Flowers*, 221 Wis. 2d 20, 27, 586 N.W.2d 175 (Ct. App. 1998).

¶ 9. In *Escalona-Naranjo*, our supreme court considered the question of whether a claim that could have been raised on direct appeal was barred from being raised in a subsequent WIS. STAT. § 974.06 motion. *See Escalona-Naranjo*, 185 Wis. 2d at 173; *see also State v. Lo*, 2003 WI 107, ¶ 29, 264 Wis. 2d 1, 665 N.W.2d 756 (offering a comprehensive discussion of *Escalona-Naranjo* from which we liberally borrow). The defendant was convicted in February 1986 of two counts of possession of controlled substances with intent to deliver. *Escalona-Naranjo*, 185 Wis. 2d at 173–74. After sentencing in September 1986, the defendant filed postconviction motions pursuant to WIS. STAT. § 974.02

in which he requested a new trial, competency redetermination and resentencing. *Escalona-Naranjo*, 185 Wis. 2d 174. The circuit court denied the motions and we affirmed. *Id.* at 174–75.

¶ 10. In July 1990, the defendant filed a Wis. Stat. § 974.06 motion, which was amended in February 1991, claiming ineffective assistance of trial counsel. *Escalona-Naranjo*, 185 Wis. 2d at 175. In response to the defendant's § 974.06 motion, the State contended that the defendant had simply rephrased issues that had already been raised in the 1986 Wis. Stat. § 974.02 motions and appeal. *Escalona-Naranjo*, 185 Wis. 2d at 175. The circuit court agreed with the State and we certified the case to the supreme court. *Id.*

¶ 11. The supreme court held that pursuant to Wis. Stat. § 974.06(4),[2] a criminal defendant is required to consolidate all postconviction claims into his or her original, supplemental or amended motion. *Id.* at 181–82. The court explained that any claims of error that the defendant could have raised in a direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 motion absent a showing of a sufficient reason for why the claims were not raised on direct appeal or in a previous § 974.06 motion. *Escalona-Naranjo*, 185 Wis. 2d at 184–85.

---

[2] Wisconsin Stat. § 974.06(4) provides:

(4) All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

■

¶ 12. Our supreme court's decision was driven by its conviction that the primary purpose of WIS. STAT. § 974.06(4) is to promote finality in the litigation of a criminal case. *Escalona-Naranjo*, 185 Wis. 2d at 185–86. "Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." *Id.* The court related that § 974.06(4) was not designed so that a defendant, upon conviction, could strategically wait until memories are stale and witnesses and records unavailable to raise jurisdictional or constitutional issues. *See Escalona-Naranjo*, 185 Wis. 2d at 185. The court has recently reaffirmed its holding in *Escalona-Naranjo*. *See Lo*, 264 Wis. 2d 1, ¶ 44.

¶ 13. In *Flowers*, we carved out a limited exception to WIS. STAT. § 974.06(4) and *Escalona-Naranjo*. *See Flowers*, 221 Wis. 2d at 22–23. In *Flowers*, the defendant pled guilty to one count of retail theft as a habitual criminal. *Id.* at 22–23. In his fourth postconviction motion, the defendant argued that there was no basis in law for his sentence enhancement because the State had failed to prove he was a repeater. *Id.* at 22. The State argued that § 974.06 and *Escalona-Naranjo* barred the defendant from bringing another postconviction motion unless he or she had a sufficient reason for failing to raise the sentencing issue before. *See Flowers*, 221 Wis. 2d at 22.

¶ 14. We determined that neither the procedural bar in WIS. STAT. § 974.06 nor the public policy discussion contained in *Escalona-Naranjo* precludes criminal defendants from seeking relief from faulty repeater sentences under WIS. STAT. § 973.13.[3] *Flowers*, 221 Wis. 2d

---

[3] WISCONSIN STAT. § 973.13 provides:

at 22–23. We explained that if a defendant is sentenced under a penalty enhancer and the State has either failed to prove the prior conviction or gain the defendant's admission to such facts, then § 973.13 becomes applicable. *Flowers*, 221 Wis. 2d at 28. We recognized that § 973.13 expressly commands courts to declare as void *all* sentences in excess of the maximum term authorized by law. *Flowers*, 221 Wis. 2d at 22, 29.

¶ 15. We stated that if we adopted the State's argument that the finality considerations of *Escalona-Naranjo* precluded the defendant's motion for WIS. STAT. § 973.13 relief, we would be ignoring the significant liberty interests at stake in such situations and the demand that enhanced penalties be based upon prior convictions that actually exist. *Flowers*, 221 Wis. 2d at 28–29. "It would raise the specter of a defendant being incarcerated for a term (possibly years) in excess of that prescribed by law simply because he or she failed to raise the issue earlier." *Id.* at 29. In essence, we would "promote finality, but at the expense of justice." *Id.*

¶ 16. Most importantly, however, we cautioned that we were creating a "narrow exception" to the *Escalona-Naranjo* procedural bar. *Flowers*, 221 Wis. 2d at 30. We wrote that the narrow exception "is only applicable when a defendant alleges that the State has neither proven nor gained the admission of the defendant about a prior felony conviction necessary to sustain the repeater allegation." *Id.* We have since re-emphasized that *Flowers* was intended to be a narrow exception to the waiver rule. *State v. Edwards*, 2002 WI App 66, ¶ 11, 251 Wis. 2d 651, 642 N.W.2d 537.

---

In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings.

¶ 17. We agree with Mikulance's suggestion that *Flowers* holds that neither *Escalona-Naranjo* nor Wis. Stat. § 974.06(4) bar motions challenging the foundation for the convictions sustaining the habitual criminal status that are properly brought under Wis. Stat. § 973.13. However, we disagree with Mikulance that the *Flowers* holding applies here.

¶ 18. Simply stated, unlike the defendant in *Flowers*, Mikulance does not raise a proper Wis. Stat. § 973.13 claim. Section 973.13, as it pertains to sentencing a repeat offender, applies only when the State fails to prove the prior conviction necessary to establish the habitual criminal status (by proof or by admission) or when the penalty given is longer than permitted by law for a repeater. *See Flowers*, 221 Wis. 2d at 28–29; *see also State v. Spaeth*, 206 Wis. 2d 135, 155–56, 556 N.W.2d 728 (1996). Mikulance makes neither of these arguments. He does not argue that the court sentenced him to prison for more time than the enhancement statute permits nor does he argue that the sentence was based on lack of proof by the State or lack of an admission by him that the prior conviction existed.

¶ 19. Instead, Mikulance mounts a constitutional challenge to the procedure the court used to accept his no contest pleas. In his most recent postconviction motion, Mikulance argues that the circuit court failed to inform him of the maximum penalties for the substantive charges of battery, disorderly conduct and unlawful use of a telephone and of the penalty enhancements attributable to his conviction as a habitual criminal. Mikulance cannot use Wis. Stat. § 973.13 to raise this type of claim. Therefore, the narrow exception articulated in *Flowers* for claims properly brought under § 973.13 does not apply.

¶ 20. This case is more akin to *Escalona-Naranjo*. Similar to the defendant in *Escalona-Naranjo*, Mikulance has already pursued a postconviction motion. *See Escalona-Naranjo*, 185 Wis. 2d at 174–75. In that motion he raised "almost countless points," breaking his brief down "into fourteen issues, some with multiple subpoints." Like the defendant in *Escalona-Naranjo*, Mikulance's motion was denied and the denial affirmed on appeal. *See id.* Also similar to the defendant in *Escalona-Naranjo*, Mikulance thereafter attempted to raise a constitutional claim, by way of another postconviction motion under Wis. Stat. § 974.06, that could have been brought in the previous postconviction motion. *See Escalona-Naranjo*, 185 Wis. 2d at 173–75; § 974.06(1) (permitting defendants to bring constitutional or jurisdictional claims in a postconviction motion). Finally, like the defendant in *Escalona-Naranjo*, Mikulance does not offer a sufficient reason for his failure to raise the claim earlier. *See Escalona-Naranjo*, 185 Wis. 2d at 186. Thus, like the trial court in *Escalona-Naranjo*, the trial court in this case correctly dismissed Mikulance's most recent postconviction motion. *See id.*

## CONCLUSION

¶ 21. *Escalona-Naranjo* and Wis. Stat. § 974.06(4), in the name of finality in the criminal appeals process, prohibit successive postconviction motions. In his most recent postconviction motion, Mikulance has not pursued a proper Wis. Stat. § 973.13 claim and therefore cannot use *Flowers* to circumvent this rule. We affirm the circuit court's orders dismissing Mikulance's postconviction motion.

*By the Court.*—Orders affirmed.