COURT OF APPEALS
DECISION
DATED AND FILED

November 21, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2023AP1848-CR**
**2023AP1849-CR**
**2023AP2288-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. **2015CF2602**
**2016CF1243**
**2016CF1204**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

EARL DEWAYNE PHIFFER,

    DEFENDANT-APPELLANT.

APPEAL from judgments and an order of the circuit court for Rock County: JOHN M. WOOD, Judge. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Earl Phiffer, pro se, appeals judgments of conviction for delivering cocaine, obstructing an officer, and resisting an officer, across three criminal cases.  He also appeals an order denying the postconviction motions he filed in all three cases.  Phiffer raises numerous claims of error at trial and sentencing.  We reject Phiffer's arguments and affirm.

*Background*

¶2     The charges against Phiffer arose from controlled buys of cocaine that police conducted in 2015 and 2016.  Two of the criminal cases proceeded to trial together in September 2019, and one was tried separately in March 2020.  After the trials, the juries returned guilty verdicts on multiple counts.  The court sentenced Phiffer to a total of ten years of initial confinement and eight years of extended supervision.

¶3     Phiffer moved for postconviction relief.  As to his September 2019 trial, Phifffer argued that:  (1) he was denied equal protection because the only African-American juror was struck from his jury panel; (2) he was denied his right of confrontation when the circuit court limited cross-examination of Phiffer's probation agent; (3) the evidence at trial was insufficient to support his convictions for delivery of a controlled substance; and (4) the confidential informant (CI) who testified at trial was unreliable.  As to his March 2020 trial, Phiffer argued that: (1) his due process rights were violated because there were no African-American members on the jury panel; (2) he was sentenced based on inaccurate information; (3) the State improperly introduced testimony of a CI because the CI did not have a current contract with the State; and (4) he was denied due process when the circuit court denied his request for independent testing for fingerprints and DNA

on the items used in the controlled buys.[1]  The circuit court denied Phiffer's postconviction motions.  Phiffer appeals.

*Standard of Review*

¶4      We apply the clearly erroneous standard on our review of a claim of discriminatory jury selection.  *See* **State v. Lamon**, 2003 WI 78, ¶45, 262 Wis. 2d 747, 664 N.W.2d 607.  We review de novo whether the defendant has met their burden to show a violation of the requirement that the jury pool represents a fair cross section of the community.  *See* **United States v. Raszkiewicz**, 169 F.3d 459, 462 (7th Cir. 1999).

¶5      Claims as to admission or exclusion of evidence are reviewed for an erroneous exercise of discretion.  *See* **State v. Ford**, 2007 WI 138, ¶30, 306 Wis. 2d 1, 742 N.W.2d 61.  A circuit court properly exercises its discretion if it examines the facts of record and applies the proper legal standards to reach a rational decision.  *See* ***id.***

¶6      When reviewing the sufficiency of the evidence to support a conviction, we will not reverse the conviction "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt."  *See* **State v. Poellinger**, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990).

---

[1] To the extent that Phiffer raised any other arguments in his postconviction motions but has not pursued those arguments on appeal, we deem those arguments abandoned and we do not discuss them further.  *See* **State v. Johnson**, 184 Wis. 2d 324, 344, 516 N.W.2d 463 (Ct. App. 1994) ("On appeal, issues raised but not briefed or argued are deemed abandoned.").

*Discussion*

*September 2019 Trial:  Rock County Case Nos. 2015CF2602 and 20161204*

¶7      Phiffer argues that the State's use of a peremptory strike against the only African-American juror violated Phiffer's constitutional right to equal protection.  We disagree.

¶8      Under ***Batson v. Kentucky***, 476 U.S. 79 (1986), a defendant's constitutional right to equal protection is violated when the State uses a peremptory strike to remove a potential juror from the venire based solely on the juror's race.  *See* ***id.*** at 84.  However, a ***Batson*** challenge must be raised as an objection following the exercise of peremptory strikes and *before* the jury is sworn.  *See* ***State v. Jones***, 218 Wis. 2d 599, 601, 581 N.W.2d 561 (Ct. App. 1998) ("We conclude that the defendant must make a ***Batson*** objection prior to the time the jury is sworn.  If the objection is not made until after that time, the issue is [forfeited].").

¶9      Here, Phiffer's trial counsel raised a ***Batson*** challenge after the jury was sworn.  Because the challenge was not timely, we need not address the merits of his claim.  *See* ***id.*** at 604 ("Only after a defendant makes a timely objection at trial will the wheels of the ***Batson*** test go into motion.").

¶10     Moreover, even if we were to consider the merits of Phiffer's appeal on this issue, we would conclude that it lacks merit.  After a defendant makes a prima facie showing that a prosecutor exercised the State's peremptory strikes with discriminatory intent, the burden shifts to the State to present a neutral explanation for the strike; if the State offers a neutral explanation, the burden shifts back to the defendant to prove that "the prosecutor purposefully

4

discriminated or that the prosecutor's explanations were a pretext for intentional discrimination." *Lamon*, 262 Wis. 2d 747, ¶¶27-29, 32. Here, after Phiffer made a *Batson* challenge, the prosecutor explained that he exercised a peremptory strike against the juror in question because the juror stated that she had a connection to Phiffer's family and would not be comfortable judging Phiffer's case. This explanation is supported by the record—during voir dire, the juror stated that she was "best friends" with the mother of Phiffer's child and also that she knew Phiffer's mother and brother. The juror agreed that her connection to Phiffer's family would make her "uncomfortable" judging this case. The circuit court found that the prosecutor had a race-neutral reason for striking the juror. That finding was not clearly erroneous.

¶11 Phiffer also argues that he was denied his constitutional right to confrontation when the circuit court limited the cross-examination of Phiffer's probation agent in front of the jury. Phiffer contends that his right of confrontation was violated when the court allowed his probation agent to identify Phiffer on the surveillance video but disallowed any questioning that would have indicated that she knew Phiffer because she was his probation agent.

¶12 The problem with Phiffer's confrontation argument is that the circuit court did not place any limitation on Phiffer's ability to elicit information from the probation agent on cross-examination. Rather, the court limited *the State* from eliciting information on direct examination about the probation agent's employment and connection to Phiffer, but it specifically noted that the defense could "open the door" to the probation agent's connection to Phiffer by cross-examining on that issue. The court explained: "I am not going to permit the State to put into evidence what her profession was at the time and the substance of her

5

interactions with Mr. Phiffer. That would be highly prejudicial unless, of course, Mr. Phiffer, through [defense counsel], wishes that door to be opened." Thus, Phiffer could have questioned his probation agent as to how she knew him, had he so chosen. He therefore cannot now claim error based on his decision to not introduce that testimony. *See **Salveson v. Douglas County***, 2001 WI 100, ¶¶37-38, 245 Wis. 2d 497, 630 N.W.2d 182 (under the rule of judicial estoppel, a party may not knowingly relinquish a right at trial and then base a claim of error on its loss).[2]

¶13    Phiffer also argues that the evidence was insufficient to support the jury verdicts finding Phiffer guilty of delivering cocaine. More specifically, he contends that the State did not introduce sufficient testimony by eye witnesses to the controlled buys or recordings of the transactions.

¶14    When we review the sufficiency of the evidence to support a jury's verdict, the test is whether a jury, acting reasonably, could have found the defendant guilty beyond a reasonable doubt based on the evidence before it. *See **Poellinger***, 153 Wis. 2d at 503-04. The credibility of the witnesses and the weight of the evidence are both matters left exclusively to the jury. *Id.* at 504. We view the evidence in the light most favorable to the verdict and, if more than one reasonable inference can be drawn from the evidence, we must accept the inference drawn by the jury. *Id.* The jury's verdict will be reversed "only if,

---

[2] Phiffer also argues that the circuit court's limit on the probation agent's testimony rendered his trial counsel's representation ineffective. However, Phiffer does not make a separate argument that his *counsel* performed deficiently in any way. *See **State v. Savage***, 2020 WI 93, ¶25, 395 Wis. 2d 1, 951 N.W.2d 838 (claim of ineffective assistance of counsel requires showing that counsel's performance was deficient).

viewing the evidence most favorably to the [S]tate and the conviction, it is inherently or patently incredible, or so lacking in probative value that no jury could have found guilt beyond a reasonable doubt." ***State v. Alles***, 106 Wis. 2d 368, 376-77, 316 N.W.2d 378 (1982) (citation omitted).

¶15    Here, Phiffer has not shown that the evidence at trial—which included testimony by the CIs that Phiffer had sold them cocaine and corroborating testimony by the officers involved in the controlled buys—was insufficient to support the verdicts for delivery of cocaine.  We cannot say that the evidence at trial, viewed most favorably to the State and the conviction, was insufficient to support the convictions.  *See **id.***

¶16    Phiffer also contends that one of the CIs who testified at his trial was unreliable.  He points to testimony that one of two baggies that the CI turned over after the controlled buy was empty and that the police felt that they had been "ripped off."  Phiffer also contends that a police report indicates that the CI had covered up a camera with her clothing during the controlled buy.  He argues that the CI lacked credibility and should not have been allowed to testify at trial.  However, Phiffer does not cite any authority for the proposition that a witness may not testify if that witness's credibility may be challenged.  Rather, the assessment of the credibility of witnesses is left to the jury.  *See **Poellinger***, 153 Wis. 2d at 504.  Phiffer has not set forth any basis to disturb his conviction based on his contention that the jury should not have believed the CI's testimony.

*March 2020 Trial: Rock County Case No. 2016CF1243*

¶17    Phiffer contends that he was denied his due process right to have a jury selected from a fair cross section of the community because there were no African-American members on the jury panel. We disagree.

¶18    A defendant has a constitutional right to a "jury selected from a fair cross section of the community." ***Duren v. Missouri***, 439 U.S. 357, 359 (1979). To prove a violation of that right, a defendant must show that the underrepresentation of a distinctive group from the jury panel was "due to systematic exclusion of the group in the jury-selection process." ***Id.*** at 364. Here, Phiffer makes no argument that African-Americans were systemically excluded in the jury selection.

¶19    At trial, after jury selection but before the jury was sworn, Phiffer's counsel moved for a mistrial, claiming that the lack of African-Americans on the jury panel violated Phiffer's due process rights. The circuit court explained that prospective jurors are drawn from driving records, and determined that there was nothing discriminatory about that process. Phiffer does not challenge the court's decision. Because he has not made any showing that the jury selection process systematically excluded African-Americans from the jury panel, his due process argument fails.

¶20    Phiffer also argues that he was sentenced on the basis of materially untrue information because, at trial, the court allowed into evidence a photocopy of a $100 bill. Phiffer argues that, because the officer who searched him did not testify that the $100 bill was taken from Phiffer, Phiffer was sentenced on inaccurate information.

¶21     A defendant is entitled to resentencing if the defendant was sentenced based on inaccurate information. *State v. Coffee*, 2020 WI 1, ¶38, 389 Wis. 2d 627, 937 N.W.2d 579.  To establish that the defendant was sentenced based on inaccurate information, the defendant must show that the information before the sentencing court was inaccurate, and that the circuit court actually relied on the inaccurate information in imposing sentence. *Id.*

¶22     Here, Phiffer does not argue that the circuit court relied on evidence of the $100 bill at sentencing.  Moreover, Phiffer has not filed a reply brief disputing the State's assertion that the $100 bill introduced into evidence was not mentioned or discussed at any point during sentencing.  We therefore take that point as conceded.  *See Charolais Breeding Ranches, Ltd. v. FPC Securities Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (arguments not refuted may be deemed conceded).  Because Phiffer has not shown that the circuit court actually relied on any claimed inaccurate information at sentencing, we reject this argument.

¶23     To the extent that Phiffer may also intend to argue that the circuit court erroneously exercised its discretion by admitting the $100 bill into evidence, we reject that argument as well.  Phiffer has not disputed the State's assertion that Phiffer failed to preserve that argument for appeal because he did not object to admission of the evidence at trial.  *See State v. Edwards*, 2002 WI App 66, ¶9, 251 Wis. 2d 651, 642 N.W.2d 537 (failure to object to admissibility of evidence in the circuit court constitutes forfeiture of challenge on appeal); *Charolais*, 90 Wis. 2d at 109.

¶24     Phiffer also argues that the State improperly introduced testimony by a CI without establishing that the CI had a current contract with the State at the

9

time of Phiffer's controlled buy. Phiffer cites testimony by the CI that he had a contract with the police department to conduct controlled buys, but that the contract expired prior to the controlled buy at issue in this case. The CI further testified that he did not believe he had signed any other contract with the police. Phiffer contends that the State was obligated to provide Phiffer with a current contract between the police and the CI under *Brady v. Maryland*, 373 U.S. 83 (1963), and that the State failed to do so because there was no written contract covering the controlled buy in this case.

¶25 To the extent that Phiffer is arguing that the CI's testimony should have been excluded, we reject that contention. Again, Phiffer has not disputed the State's assertion that Phiffer failed to preserve this argument for appeal by failing to object to admission of that testimony at trial. *See Edwards*, 251 Wis. 2d 651, ¶9; *Charolais*, 90 Wis. 2d at 109. To the extent that Phiffer is arguing that the State failed to disclose exculpatory evidence of a different CI contract under *Brady*, we reject that argument because the record indicates—and Phiffer expressly contends—that the CI did not sign any other contract with the police. Because there was no other contract to disclose, the State did not violate *Brady* by failing to disclose it.

¶26 Finally, Phiffer contends that he was denied his due process right to hire an independent analyst to conduct DNA and fingerprint testing on the items involved in the controlled buys. He argues that independent testing was necessary to rebut the State's DNA and fingerprint evidence, which, he contends, was the only evidence tying Phiffer to the June 21, 2016 controlled buy. Phiffer cites testimony by an officer that the officer did not personally observe the hand-to-hand transaction during the June 21, 2016 controlled buy, and that there was no

recording of the transaction.[3]  Phiffer contends that, under the circumstances, he was entitled to have an independent analyst perform testing of the items from the controlled buy to prove that Phiffer had not handled those items.  He contends that the circuit court erred by denying his request for independent testing.

¶27    A defendant has a due process right to present a defense.  *State v. Ward*, 2011 WI App 151, ¶16, 337 Wis. 2d 655, 807 N.W.2d 23.  To prove a violation of that right, the defendant must show that the excluded evidence was "relevant," "material," and "vital to the defense."  *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (citation omitted).  Here, Phiffer has not shown that results of DNA and fingerprint testing on the items used in the controlled buy were vital to his defense.

¶28    First, Phiffer has not disputed the State's assertion that the State did not introduce any fingerprint or DNA evidence against Phiffer at trial.  *See Charolais*, 90 Wis. 2d at 109.  We therefore reject Phiffer's argument that independent testing was necessary to refute DNA and fingerprint evidence used against him.

¶29    Second, Phiffer has not disputed the reasoning that the circuit court gave for denying Phiffer's motion for independent testing—that such testing was very unlikely to be helpful for the defense given that the alleged controlled buys

---

[3] Phiffer also cites *United States v. Butler*, 988 F.2d 537 (5th Cir. 1993), for the proposition that he had a right to test whether the substances involved in the controlled buys were controlled substances.  However, Phiffer does not assert that he asked the circuit court for independent testing of the substances turned over by the informants after the controlled buys.  We do not consider the argument as to testing the recovered substances because, so far as we can tell, that argument is raised for the first time on appeal.  *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727.

involved hand-to-hand transactions with CIs who were not wearing gloves and that the CIs were able to personally identify Phiffer as the alleged supplier of the drugs they obtained. Phiffer does not explain how the best possible evidence that he could have obtained through independent testing—namely, the absence of his DNA and fingerprints from the money and baggies handled during the controlled buys—would have been vital to his defense. As the circuit court explained, evidence that Phiffer's DNA and fingerprints were not on those items would have had little relevance in light of the other evidence against Phiffer introduced at trial. We therefore reject Phiffer's claim that he was denied his right to present a defense when the court denied his request for independent testing for DNA and fingerprints on items used during the controlled buys.[4]

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).

---

[4] To the extent that we do not address other issues or arguments that Phiffer intends to raise, we conclude that such issues or arguments are either insufficiently developed or conclusory. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).